IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDIMAR MEIRELES DE OLIVEIRA,**<br>**Petitioner,**<br><br>v.<br><br>**J.L. JAMISON, MICHAEL T. ROSE,**<br>**KRISTI NOEM, PAMELA BONDI, U.S.**<br>**DEPARTMENT OF HOMELAND**<br>**SECURITY, EXECUTIVE OFFICE OF**<br>**IMMIGRATION REVIEW,**<br>**Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO.  26-1246** |

## O R D E R

**AND NOW**, this 7th day of April, 2026, upon consideration of Edimar Meireles de

Oliveira's Motion for Attorney Fees (ECF No. 14) and the Government's Brief Regarding

Petitioner's Claim for Attorneys' Fees (ECF No. 13), it is hereby **ORDERED** that the Motion

for Attorney Fees is **DENIED.**[1]

---

[1] Petitioner requests an award of attorneys' fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF Nos. 1, 14.) Under the EAJA, a court may award fees and expenses to a prevailing party against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In finding that Petitioner here is not entitled to attorneys' fees under the EAJA, this Court concurs with Judge Stickman's opinion in *Martinez-Briceno v. Warden of Moshannon Valley Processing Center*, No. 3:26-cv-232, 2026 WL 872494, at *1–2 (W.D. Pa. Mar. 30, 2026). In *Martinez-Briceno*, Judge Stickman held that payment of petitioner's attorneys' fees and expenses was not warranted under the EAJA because "[r]espondents' interpretation of § 1225(a), while incorrect, is substantially justified." *Id.* at *1. There is no binding Third Circuit or Supreme Court precedent on the interpretation of "applicants for admission" as it relates to 8 U.S.C. § 1225. Moreover, Courts of Appeals for the Fifth and Eighth Circuits have taken the Government's position with respect to application of § 1225(b) to noncitizens already present in the country. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026). Therefore, the Court finds that the Government's position in this case was "substantially justified," and Petitioner is thus not entitled to attorneys' fees under the EAJA.

2

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**